UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE M. SMITH,

    Petitioner,

v.

KEVIN LINDSEY,

    Respondent.

Case No. 19-12117
Honorable Laurie J. Michelson

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

On July 16, 2019, Dwayne M. Smith filed a *pro se* petition for writ of habeas corpus. (ECF No. 1.) The petition challenges Smith's state-court convictions for first-degree criminal sexual conduct and unlawfully driving away an automobile. (*Id.*) However, the petition failed to identify any grounds for relief, in violation of the requirements of Habeas Corpus Rule 2(c).[1] On August 15, 2019, the Court issued an Order to Show Cause Why the Petition Should Not Be Dismissed Pursuant to Habeas Corpus Rule 4.[2] (ECF No. 6.)

Smith filed a Motion to Stay Proceedings/Extension of Time on August 28, 2019, presumably in response to the Court's Order to Show Cause. (ECF No. 9.) The motion consists of

---

[1] Habeas Corpus Rule 2(c) requires that § 2254 petitions "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See* Rules Governing Section 2254 Cases in the United States District Courts.

[2] Habeas Corpus Rule 4 provides that if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the Court "must dismiss the petition[.]" *See* Rules Governing Section 2254 Cases in the United States District Courts.

1

one sentence asking the Court to stay the habeas proceeding "for the following reason: 1) To Exhaust Un-Exhausted Claims." (ECF No. 9, PageID.28.) Smith also attaches a copy of his application for leave to appeal filed in the Michigan Court of Appeals, which he omitted from his original filing in this Court. These filings, however, do not comply with Habeas Corpus Rule 2(c).

First, it is still unclear what claims Smith intends to raise in his petition. The state-court brief that Smith attaches to his motion raises one claim: "The sentencing court erred by not allowing Mr. Smith to withdraw his plea of guilty." (ECF No. 9, PageID.30.) But Smith does not indicate whether he intends to raise this claim in his habeas petition and, if so, whether this is the only claim he intends to raise.

Second, in the motion to stay, Smith states that he wants to exhaust unexhausted claims. But he does not identify any of these potential claims. A stay-and-abeyance procedure is available in habeas corpus proceedings only if a petitioner's unexhausted claims are not plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Under these circumstances, the Court cannot evaluate the potential merit of unidentified claims.

The Court will not assume that Smith intends to raise on habeas review only the single claim identified in his attached state-court appellate brief. If the Court did so, Smith might be foreclosed from presenting his additional claims (once exhausted) in a future petition because he must receive prior authorization from the Sixth Circuit Court of Appeals to file a successive petition. *See* 28 U.S.C. § 2244(b).

Because Smith fails to cure the deficiencies of his original filing, the Court DISMISSES the petition WITHOUT PREJUDICE. If Smith determines he would like to proceed with the single

claim raised in the Michigan Court of Appeals brief attached to his motion, he will need to file a new case.

    SO ORDERED.

Dated: November 12, 2019

                              s/Laurie J. Michelson
                              LAURIE J. MICHELSON
                              UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 12, 2019.

                              s/Erica Karhoff
                              Case Manager to
                              Honorable Laurie J. Michelson